NORTHERN DISTRICT OF TEXAS
FILED

OCT 2 7 2014

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

BILLY R. SANFORD,                    §
                                     §
        Plaintiff,                   §
                                     §
VS.                                  §   NO. 4:14-CV-822-A
                                     §
TARRANT COUNTY SHERIFF               §
DEPARTMENT, ET AL.,                  §
                                     §
        Defendants.                  §

MEMORANDUM OPINION
and
ORDER

Now before the court for consideration is a complaint

pursuant to 42 U.S.C. § 1983 filed in the above-captioned action

by plaintiff, Billy R. Sanford.  Named as defendants are Tarrant

County Sheriff Department, Officer Clark, and John Peter Smith

Hospital.  Having considered the complaint and applicable legal

authorities, the court concludes that the action should be

dismissed.

I.

Plaintiff's Complaint

Plaintiff describes his claims against the three defendants

as follows:

On July 15, 2014 at or between 9:35 P.M. and 9:50
pm. I was talking with C/O McBride about I was laughing
to loud.  He told me to go to my cell for an hour.  I
asked for a ranked officer.  He refused rank.  As we
continued to talk.  My hands behind my back.  The whole

conversation.  When his co-worker Officer Clark came up
behind Inmate Sanford.  And Grabbed him with both
hands.  Running him into his cell.  On the way into
Inmate Sanford cell.  C/O Clark ran Sanford head into
the iron door frame.  Causing a knot and a concussion
to Inmate Sanford Head.  The violation of my
Constitutional Rights.  C/O Clark was never suppose to
put his hands on me without calling a code.  Code was
never called.  Then officer Clark denied me medical
after the assault.  The video will show the truth.  I
was diagnosed the 16th July with a concussion.  X-Rays
on the 19th July. Cat-Scan on September 25, 2014.

Compl. at 4, § V (errors in original).

II.

## The Preliminary Screening Requirement

"The court shall review, . . . as soon as practicable after

docketing, a complaint in a civil action in which a prisoner

seeks redress from a governmental entity or officer or employee

of a governmental entity."  28 U.S.C. § 1915A(a).  "On review,

the court shall . . . dismiss the complaint . . . if the

complaint 'is frivolous . . . or fails to state a claim upon

which relief may be granted.'"  Id., § 1915A(b)(1).

A claim is frivolous if it "lacks an arguable basis either

in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325

(1989).  The Supreme Court has defined the standards to be

applied in determining whether a complaint fails to state a claim

upon which relief may be granted.

2

Rule 8(a)(2) of the Federal Rules of Civil Procedure
provides, in a general way, the applicable standard of pleading.
It requires that a complaint contain "a short and plain statement
of the claim showing that the pleader is entitled to relief,"
Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair
notice of what the claim is and the grounds upon which it rests,
Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal
quotation marks and ellipsis omitted).  Although a complaint need
not contain detailed factual allegations, the "showing"
contemplated by Rule 8 requires the plaintiff to do more than
simply allege legal conclusions or recite the elements of a cause
of action.  Twombly, 550 U.S. at 555 & n.3.  Thus, while a court
must accept all of the factual allegations in the complaint as
true, it need not credit bare legal conclusions that are
unsupported by any factual underpinnings.  See Ashcroft v. Iqbal,
556 U.S. 662, 669 (2009) ("While legal conclusions can provide
the framework of a complaint, they must be supported by factual
allegations.").

Moreover, facts pleaded must allow the court to infer that
the plaintiff's right to relief is plausible.  Id.  To allege a
plausible right to relief, the facts pleaded must suggest
liability; allegations that are merely consistent with unlawful
conduct are insufficient.  Twombly, 550 U.S. at 566-69.

3

"Determining whether a complaint states a plausible claim for
relief . . . [is] a context-specific task that requires the
reviewing court to draw on its judicial experience and common
sense." Iqbal, 556 U.S. at 679.

### III.

### The *Spears* Hearing

As the court is authorized to do in a case such as this, the
court conducted a telephone hearing pursuant to the authority of
Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985) on October 24,
2014. In advance of the hearing, the court required Tarrant
County, Texas to file with the papers in this action all its
records pertinent to the claims made by plaintiff in his
complaint. The court has taken into account in its rulings the
information gained from those records as well as the statements
made by plaintiff during the Spears hearing.[1]

### IV.

### Plaintiff Has Failed to State a Claim Against
### Any Defendant Upon Which Relief May Be Granted

For the reasons given below, the court has concluded that
plaintiff has failed to state a claim against any defendant upon

---

[1]The court also has considered the items the court received in the mail on October 24, 2014, in an
envelope bearing plaintiff's return address.

4

which relief may be granted, with the consequence that plaintiff's claims must be dismissed.

A.   Claims Against Tarrant County Sheriff Department

Plaintiff has named the Tarrant County Sheriff Department as a defendant.  However, the Tarrant County Sheriff Department is not an entity capable of being sued.  The proper defendant in this action is Tarrant County, Texas.  Regardless, plaintiff has alleged no facts that could support an action against such defendant.

Section 1983 does not allow a governmental entity to be held vicariously liable for the actions of its employees under a theory of respondeat superior.  42 U.S.C. § 1983; Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 403 (1997). However, such an entity may be liable under § 1983 if the execution of one of its customs or policies deprives a plaintiff of a constitutional right.  Monell v. Dep't of Social Serv., 436 U.S. 658, 690-91 (1978).  To state a claim for such liability, a plaintiff must allege, in addition to an underlying claim of a violation of rights, "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom."  Cox v. City of Dallas, 430 F.3d 734, 748 (5th Cir. 2005) (internal citations omitted).  Plaintiff makes no such

allegations, and therefore fails to state a claim upon which

relief can be granted against Tarrant County, Texas.

B.    Claims against John Peter Smith Hospital

        Plaintiff's complaint states that he is suing John Peter

Smith Hospital for "[d]enying [him] medical care under the Eighth

Amendment medical claim."  Compl. at 3.  However, the public

records show that rather promptly after the incident in question,

and thereafter, plaintiff was provided medical care.  He was

evaluated at around 3:30 p.m. the day after the incident in

question by a nurse, who found no bruising or laceration and

noted only minimal swelling above plaintiff's left eye.  Tarrant

Cnty.'s Submission for Spears Hr'g at 0024, 0030, 0075.  He was

seen by a physician's assistant the following morning, when

facial bone x-rays and ibuprofen were ordered.  Id. at 0053-54.

The x-rays showed no fractures.  Id. at 0077-78.  Plaintiff was

assessed by triage nurses on July 17, July 18, July 30, August 1,

August 9, and August 17, 2014, and he was seen in the medical

clinic on July 17 and 21, 2014.  Id. at 0016, 0024, 0030.  The

objective findings upon the repeated evaluations of plaintiff's

condition failed to confirm the subjective complaints that were

being made by plaintiff.  Id. at 0017, 0048-49; 0053, 0075.  Of

interest, the records show that when plaintiff was medically

evaluated after he had been in a fight with a fellow prisoner in September 2014, "[h]e [d]enied any pain anywhere." Id. at 0010.

The records do no support plaintiff's assertion that he was diagnosed on July 16 with a concussion. Nor do the records support plaintiff's allegations that x-rays on July 19 and a cat-scan on September 25 indicated a concussion. The records disclose that the July x-rays were of his facial bones, and that the impression was "[n]ormal study of the facial bones." Id. at 0077-78. The records of the September 25, 2014 CT Scan of plaintiff's head reflect that the findings from the scan were negative. Id. at 0076.

Summed up, the records clearly reflect that plaintiff received appropriate medical care, and raise a serious question as to whether plaintiff needed the care he received. Plaintiff certainly has not alleged any facts that would support a conclusion that John Peter Smith Hospital was deliberately indifferent to serious medical needs of plaintiff. See Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999); McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997). Therefore, plaintiff's claims against John Peter Smith Hospital must be dismissed.

7

C.   <u>Claims against Officer Clark</u>

During the <u>Spears</u> telephone hearing, plaintiff made clear that his main gripe with Officer Clark was that the officers were ordering him to return to his cell rather than to comply with plaintiff's demand that certain procedural steps be taken before plaintiff could be required to comply with the officers's order; and, plaintiff has added to his complaint that before an officer put a hand on him arrangements should have been made for "calling a code" (videotaping the activity).  The records substantiate through plaintiff's admissions his lack of cooperation when he was ordered to return to his cell.  <u>Id.</u> at 0042.

For an "excessive force" claim against a police officer to be established the plaintiff must plead and prove that the officer's conduct (1) caused more than <u>de minimis</u> injury, (2) was grossly disproportionate to the need of action under the circumstances, and (3) was inspired by malice rather than mere carelessness or an unwise excess of zeal.  <u>Petta v. Rivera</u>, 143 F.3d 895, 902 (5th Cir. 1998).  None of the public records available to the court suggest that Officer Clark engaged in any conduct for the purpose of causing harm to plaintiff, nor has plaintiff alleged any facts that would reasonably lead to the inference that the conduct of Officer Clark in hurrying plaintiff

into his cell had as an objective causing any harm to plaintiff.
The fact that Officer Clark could have been more careful in
placing plaintiff into his cell does not give rise to an
excessive force claim against Officer Clark.  Hudson v.
McMillian, 503 U.S. 1, 6, 8-10 (1992).  See also McClendon v.
City of Columbia, 305 F.3d 314, 326 (5th Cir. 2002); County of
Sacramento v. Lewis, 523 U.S. 833, 834 (1998).

The court cannot plausibly infer from the allegations of the
complaint that Officer Clark engaged in any conduct with the
intent to cause harm to plaintiff or that was so reckless that
the officer should have anticipated that plaintiff would be
harmed by his conduct.  Moreover, the court concludes that it was
objectively reasonable for Officer Clark to use a level of force
to cause plaintiff to go into his cell once plaintiff failed to
comply with the orders that he do so.  Nothing in the record
would permit the conclusion that Officer Clark used legally
excessive force in escorting plaintiff to his cell.  The court
considers appropriate to give a wide range of deference to
Officer Clark under the circumstances existing at the time when
he was acting to preserve discipline and security at the scene of
a disturbance being created by plaintiff's refusal to cooperate.

See <u>Gutierrez v. City of San Antonio</u>, 139 F.3d 441, 447 (5th Cir. 1998).

Thus, plaintiff's claims against Officer Clark must be dismissed.

V.

<u>Order</u>

For the reasons stated above,

The court ORDERS that all claims and causes of action asserted by plaintiff against defendants, Tarrant County, Texas (sued as "Tarrant County Sheriff Department"), Officer Clark, and John Peter Smith Hospital in the above-captioned action be, and are hereby, dismissed with prejudice pursuant to the authority of 28 U.S.C. § 1915A(b)(1).

SIGNED October 27, 2014.

JOHN McBRYDE
United States District Judge

10